IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Erik Morrow, #266037, ) | |
| ) | Civil Action No. 8:08-408-HFF-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| James Dorrity, County ) | |
| Director, Scotty Dodiford, ) | |
| County Administrator, Officer ) | |
| J. Allen, Lt. Hudson, and Sgt. ) | |
| Gist, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, alleges his constitutional rights have been violated pursuant to 42 U.S.C.§ 1983. This matter is before the Court on the defendants' motion for summary judgment. (Dkt. Entry # 22.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on February 7, 2008, seeking damages for alleged civil rights violations. On July 7, 2008, the defendants filed a motion for summary judgment. By order filed July 9, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible

consequences if he failed to adequately respond to the motion. On November 18, 2008, the plaintiff filed a response.

## **FACTS PRESENTED**

On January 22, 2008, the plaintiff, who was on crutches due to a prior leg injury, was transferred into the Greenville County Detention Center ("GCDC"). (Compl. 3.) Upon his arrival at the GCDC, he was interviewed by a nurse regarding his medical status. (*Id.*) He told her he had a leg injury and other medical problems. (*Id.*) He alleges the nurse noted that he had crutches and she told him he would receive extra blankets because of his injuries. He was assigned to a bed in the infirmary unit. (*Id.*)

The next day, the plaintiff and three or four other inmates were being escorted by the defendant Officer Jackie Allen to the infirmary when the plaintiff slipped and fell on a wet floor. (Compl. 3.) The plaintiff alleges Mrs. Hudson warned the inmates about the wet floor as they approached the infirmary. (*Id.*) The plaintiff alleges when he heard this, he did not want to continue because he was on crutches. (*Id.*) He states that Officer Allen told him to just go slowly. (*Id.*) He again told her he did not want to try and he alleges Officer Allen told him it would be okay. (*Id.*) He states that as he entered the hallway, he lost his balance and even though Officer Allen tried to catch him, he fell to the floor. (Compl. at 4.)

The plaintiff alleges that he was left on the floor "while panic ensued." (*Id.*) He states the trustees began to mop around him and asked him where he hurt. (*Id.*) He alleges he was left there "till [he] was told [he] could not lay their [sic]"and the nursing staff brought him a wheelchair. (*Id.*) He states he complained of back and leg pain and he was

2

picked up and placed into the wheelchair. (*Id.*) He alleges he was left in the wheelchair for 45 minutes until they decided to call an ambulance. (Compl. at 4.) The ambulance workers placed him back on the floor so they could put him on a back board. (*Id.*) He alleges the defendant Gist stated that he did not fall too hard and questioned why he was on crutches in the first place and why he did not try to break his fall. (*Id.*) The plaintiff was taken to Greenville Hospital and treated. He was given pain medication and told to seek rehabilitation. (*Id.*) The plaintiff alleges he re-injured his leg, hip, and lower back. (*Id.*) The plaintiff is seeking actual and punitive damages. (Compl. at 5.)

## **APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining

whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**Conditions of Confinement**

To the extent that the plaintiff has alleged that the conditions of his confinement violated his constitutional rights, the plaintiff has failed to state a claim.

At the time of the incident alleged in the complaint, the plaintiff was a pre-trial detainee. Confinement conditions of pretrial detainees are to be evaluated under the due process clause rather than the Eighth Amendment prohibition against cruel and unusual

punishment. *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979). To prevail on a conditions of confinement claim, a pretrial detainee must show either (1) an expressed intent to punish, or (2) lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred. *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir.1988)). Prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmates' suffering. *Farmer v. Brennan,* 511 U.S. 825(1994). The test for whether a prison official acts with deliberate indifference is a subjective one: the official must "know of and disregard an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* The plaintiff must prove that he was deprived a "basic need" and that this deprivation was attended by deliberate indifference on the part of the defendants. *Strickler v. Waters,* 989 F.2d 1375, 1379 (4th Cir.1993). Further, the plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment. *Id.* at 1380-1381. To survive summary judgment, the plaintiff must show more than de minimis pain or injury.

Here, the plaintiff has alleged a run-of-the-mill slip and fall negligence claim and it is well-settled that mere negligence will not support a §1983 claim. *See Estelle v. Gamble*, 429 U.S. 97. *See also Snyder v. Blankenship*, 473 F.Supp. 1208 (W.D.Va.1979) (holding personal injury resulting from negligent failure to repair a leaking dishwasher did not violate the eighth amendment as a matter of law because slip and fall injury is not comparable to

a "prison-related" injury). More specifically, courts have regularly held that a wet or slippery floor does not pose an objectively excessive risk to prisoners. *See, e.g., Davis v. Reilly,* 324 F.Supp.2d 361, 367 (E.D.N.Y.2004) (holding failure to provide shower mats does not rise to level of constitutional violation); *Eley v. Kearney*, 2005 WL 1026718 (D.Del. 2005) (unpublished)(classifying "accumulated slippery substances" as "indadvertent or negligent" rather than "obdurate and wanton"); *Hill v. Central Reception Assignment Facility*, 2005 WL 2491517 (D.N.J. 2005) (unpublished)(holding "water problem" leading to slip and fall cannot satisfy objective risk requirement); *Wehrhahn v. Frank,* 2004 WL 2110755 (W.D.Wis. 2004) (holding failure to put up a "slippery when wet" sign insufficient grounds for stating Eighth Amendment claim).

Further, the plaintiff's allegations that he repeatedly told the defendant Allen that he did not want to try and walk on the wet floor and her insistence that he walk on the floor also do not support his claim. *Curry v. Federal Bureau of Prisons,* 2007 WL 2580558 (D.Minn. 2007)(unpublished) (court held that being forced to work in kitchen on wet floors without safety boots did not constitute substantial risk of serious harm that could support Eighth Amendment violation). At most, the defendant Allen was negligent and an accidental injury does not amount to an constitutional violation when a prison official acts negligently.

**Indifference to Medical Needs**

To the extent that the plaintiff has alleged a claim of indifference to his medical needs, this claim also fails. The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

"Deliberate indifference is a very high standard. In *Miltier,* the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." 896 F.2d at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir.1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va. 1995) (*quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)).

Mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d 848. To rise to the level of an Eighth Amendment violation, conduct that does not purport to be punishment "must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause. . . ." *Whitley v. Albers,* 475 U.S. 312, 319 (1986).

Reviewing the complaint, at most, there was a delay in treating the plaintiff. "[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1188 (11th Cir.1994). As stated above, a medical need is serious if a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. at 1037. The plaintiff has failed to allege how any such delay in his treatment resulted in a detrimental effect or has caused him a life-long handicap or permanent loss. Injury to his back as a result of the fall itself, of course, is simply a negligence claim not cognizable under § 1983.[1] There must be some alleged injury arising from the delay or denial in treatment and the plaintiff has not alleged any such injury. Accordingly, the defendants' motion to dismiss should be granted.

---

[1] In fact, not only did the delay not cause the plaintiff any injury, the plaintiff's medical records show that there was also no aggravation of his prior injuries from the fall itself. (Defs.' Mem. Supp. Summ. J. Mot. Ex. 4 - Tracey Krein Aff. ¶¶ 6-7 & Pl.'s Medical Records 7-16.)

8

Furthermore, to the extent the plaintiff may be relying on the doctrine of supervisory liability against the defendants James Dorrity and Scotty Dodiford, the plaintiff has failed to make any showing of supervisory liability. To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Here, the plaintiff has presented no evidence that the defendants Dorrity or Dodiford had actual knowledge and disregarded a substantial risk of serious injury to the plaintiff. Mere awareness of a complaint is not sufficient to show "knowledge that a subordinate was engaging in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury," which is the first prong of the supervisory liability standard. *Shaw,* 13 F.3d at 799. *See also Shelly v. Johnson,* 684 F.Supp. 941, 946 (W.D.Mich.1987) (holding that merely bringing problem to attention of supervisory official is not sufficient to impose liability). The plaintiff has also failed to provide any evidence demonstrating that the response of these defendants was inadequate and/or that their inaction caused any

9

constitutional injury. Thus, these defendants cannot be held liable under a respondeat superior theory under § 1983 for the plaintiff's alleged constitutional violations.

**Qualified Immunity**

The defendants also raise the defense of qualified immunity. Qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir.1992). However, because there is no evidence that any specific right of the plaintiff was violated, it is unnecessary for this Court to address the qualified immunity defense. *See Porterfield v. Lott,* 156 F.3d 563, 567 (4th Cir. 1998) (when the court determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist.").

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. # 22) be GRANTED; and the Plaintiff's claims be DISMISSED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks<br>
United States Magistrate Judge

December 3, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).