

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| ERIK MORROW, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 8:08-408-HFF-BHH |
| § | |
| JAMES DORRITY et al, § | |
| Defendants. § | |

## ORDER

This case was filed as a 42 U.S.C.§ 1983 action. Plaintiff, a pretrial detainee at the time the case was filed, is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted and Plaintiff's claims be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 3, 2008, and the Clerk of Court entered Plaintiff's objections to the Report on December 23, 2008.

In carefully reviewing the Report, the objections and the record in this matter, the Court has been mindful that "[t]he due process rights of a pretrial detainee [under the Fourteenth Amendment] are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner; while the convicted prisoner is entitled to protection only against punishment that is 'cruel and unusual,' the pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to *any* form of 'punishment.' " *Martin v. Gentile,* 849 F.2d 863, 870 (4th Cir. 1988) (emphasis in original). Nevertheless, the Court is unable to find any indication that Plaintiff's claims rise to that of a constitutional violation pursuant to the Fourteenth Amendment. Therefore, the Court will overrule Plaintiff's objections, except that the Court will dismiss Plaintiff's state claims without prejudice so that Plaintiff can pursue any state claims of negligence, or any other state causes of action Plaintiff may have pled here, in state court.[*]

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections except as noted above, adopts the Report to the extent that it is does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court that: (1) Defendants' Motion for Summary Judgment be **GRANTED** as to Plaintiff's federal claims, (2) Plaintiff's federal claims be **DISMISSED** with prejudice, but that (3)

---

[*]This Court originally had jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1367. Section 1367(c)(3) provides, however, that the Court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."

District courts "enjoy wide latitude in determining whether . . . to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In its discretion, the Court has considered "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110. Having weighed those factors, the Court is of the opinion that any state claims should be dismissed without prejudice so that Plaintiff can pursue them in state court if he wishes to do so.

Plaintiff's state claims be **DISMISSED** without prejudice so that he can pursue those claims in state court if he wishes to do so.

**IT IS SO ORDERED**.

Signed this 13th day of January, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd

HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.